PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEON F. WOODALL, ) | |
| ) | CASE NO. 5:12CR00034 |
| Petitioner, ) | (5:15CV00369) |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Respondent. ) | **ORDER** [Resolving ECF Nos. 1; 40] |

Pending before the Court is *pro se* Petitioner Deon F. Woodall's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  ECF Nos. 1 (Civil Case No. 5:15CV00369); 40 (Criminal Case No. 5:12CR00034).[1]  The Government filed a response in opposition.  ECF No. 43.  Petitioner filed a Reply.  ECF No. 46.  The Court presided over the matter, imposed the sentence challenged and has reviewed the record.  For the reasons that follow, the Court denies Petitioner's motion.

## I.  Factual and Procedural Background

The following facts are established by the record.  On December 21, 2011, Petitioner participated in an armed bank robbery.  On that date, Petitioner drove co-defendant Deshawn A. Gall ("Gall") and another participant, Anthony Ethridge ("Ethridge"), to FirstMerit Bank in

---

[1] Petitioner's motion resides on both the Court's civil and criminal case dockets.  Because all of the filings pertinent to the motion appear in the criminal case (No. 5:12CR00034), the remaining citations to the docket will refer to the criminal case rather than the civil case.

(5:12CR00034)

Akron, Ohio for the express purpose of robbing that bank. Petitioner was the get-a-way car driver. He did not enter the bank. The two other men entered and robbed the bank. Both discharged their firearms while inside of the bank.[2] After exiting the bank, Gall and Ethridge returned to the vehicle and Petitioner drove away. The police quickly pursued the vehicle. Petitioner and co-defendant were apprehended by the police. Anthony Ethridge committed suicide before the police could arrest him. The $13,769 stolen was recovered.

On March 30, 2012, Petitioner pled guilty to armed bank robbery and aiding and abetting in violation of 18 U.S.C. §§ 2113(a) and (d) and 2, as charged in Count 1 of the indictment. ECF No. 22. At sentencing, on May 31, 2012, the Court found Petitioner to be a Career Offender as defined by U.S.S.G § 4B1.1. ECF No. 34. Ultimately, pursuant to the U.S. Sentencing Guidelines, Petitioner's total offense level was 31 with a Criminal History Category of VI, suggesting a sentencing range of 188 to 235 months imprisonment. The offense level calculation included a seven-level enhancement, pursuant to § 2B3.1(b)(2)(A), because a firearm was discharged. After considering the sentencing factors under 18 U.S.C. § 3553(a), the Court varied downwards and sentenced Petitioner to 120 months imprisonment and five years of supervised release.[3] ECF No. 34. On June 24, 2014, the Sixth Circuit Court of Appeals received

---

[2] According to unopposed factual basis established at the time of Petitioner's guilty plea, Gall and Ethridge fired rounds of shots into the bank ceiling and demanded money. ECF No. 22, PageID #: 115.

[3] By way of comparison, Gall had a criminal history category of III and received a 41-month sentence for Count 1. ECF Nos. 23; 26. Gall, however, was charged with and

(continued...)

2

(5:12CR00034)

Petitioner's Motion to file a second or successive habeas petition. On December 18, 2014, the motion was denied as unnecessary because Petitioner had never filed a motion under 18 U.S.C. § 2255. ECF No. 39. On February 26, 2015, Petitioner filed the instant Motion to Vacate, Set Aside or Correct Sentence. Petitioner alleges that he improperly received a firearm enhancement and that "the sixth amendment right to have a jury determine the elements of a criminal offense beyond a reasonable doubt is violated when a judge finds a fact that increases the statutory mandatory minimum sentence by a preponderance of the evidence." ECF No. 40, PageID#: 3.

## II. Standard of Review

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: "'(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'"

---

[3](...continued)
pled guilty to a separate count of brandishing and discharging a handgun during the commission of a bank robbery in violation of 18 U.S.C. § 924(c), for which he received the mandatory statutory minimum sentence of 120 months, to be served consecutively to his sentence for Count 1. ECF No. 26. Gall's total sentence, therefore, was 161 months with 3 years of supervised release.

(5:12CR00034)

*Mallett v. United States*, 334 F.3d 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

### III.  Discussion

Petitioner's motion fails for at least three reasons.  While not necessary, each is explained below.

First: Petitioner contends that his sentence must be found unconstitutional to the extent that he received a firearm enhancement for discharging a firearm after having only stipulated to armed bank robbery as part of his plea agreement.[4]  He cites to *Alleyne v. United States*, — U.S. —,133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), a decision rendered after his sentencing, for support. The Government argues that Petitioner's motion is time-barred.  Under Section 2255(f), a one-year limitation period applies to motions under this section.  Specifically, that section provides, in pertinent part, that the statute begins to run from the latest of "(1) the date on which the judgment of conviction becomes final ... or (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  18 U.S.C. § 2255(f). Petitioner's conviction became final on June 14, 2012, and therefore, under Section 2255(f)(1), the limitations period expired on June 14, 2013.  The Court agrees with the Government. Petitioner's motion is time-barred.

---

[4]  A review of the record reveals that Petitioner does not have a written plea agreement.

4

(5:12CR00034)

Petitioner argues that the Government has failed to respond to the merits of his claims.  But neither the Government nor the Court need reach the merits of Petitioner's claims when the statute of limitations presents a procedural bar that precludes a merits review.  See *Perkins v. United States*, Case Nos. 1:05-CR-00135, 1:07-CV-00679, 2008 WL 5055013 (N.D. Ohio, Nov. 20, 2008) ("Before a court can grant a 28 U.S.C. § 2255 motion on the merits, the petitioner must overcome procedural bars including the § 2255 statute of limitations and procedural default.")

<u>Next</u>: Petitioner cannot find relief in the Supreme Court's *Alleyne* decision.  In *Alleyne,* the Supreme Court held that because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an "element" of the crime that must be submitted to the jury.  *Alleyne v. United States*, 133 S.Ct. 2151, 2155 (2013).  Generally, a new rule of law decided after a defendant's conviction becomes final may not be applied to that defendant's case on collateral review.  *Teague v. Lane*, 489 U.S. 288, 310 (1989).  *Alleyne* adopted a new constitutional rule of criminal procedure.  New procedural rules do not apply retroactively to cases on collateral review unless: 1) "the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe, or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense", *In re Green*, 144 F.3d 384, 386 (6th Cir. 1998); or 2) they qualify as "watershed" rules implicating the "fundamental fairness and accuracy of the criminal proceeding." *Saffle v. Parks*, 494 U.S. 484, 495 (1990) (citations omitted).  Because *Alleyne* announced a procedural rule and not a substantive rule, and because neither of the two

5

(5:12CR00034)

aforementioned exceptions apply, *Alleyne* is not retroactively applicable.  Furthermore, even if *Alleyne* offered Petitioner relief, his motion would still be time-barred because he waited until February 26, 2015 to file his § 2255 motion, nearly 20 months after the Supreme Court issued the decision in *Alleyne* on June 17, 2013.

<u>Lastly</u>: Petitioner argues that he is actually innocent of the alleged firearm enhancement for discharging a firearm.  ECF No. 40 at PageID #: 223.  Here, Petitioner offers no new facts to support his claim of actual innocence.  He does, however, state that he did not have or discharge a gun during the bank robbery.  There is no dispute that Petitioner did not discharge a firearm.  This "old news" is of no moment other than to draw attention to the contradiction with Petitioner's sentencing memorandum wherein Petitioner acknowledged that he knew that Gall and Ethridge were armed but did not expect they would use the firearms during the robbery.  ECF No. 33 at 2. And, at the time of his plea of guilty, Petitioner remarked, when asked if he agreed with the government's version of the factual basis, "they had a weapon and pulled it out." ECF No. 22 at 24.  Finally, it is also worth remarking that, after having been sworn, when asked if he understood the nature of the hearing at which he was to change his plea from not guilty to guilty, Petitioner answered "[t]his proceeding is for me to plead guilty to -- that *I have been charged with a crime that I have committed*." ECF No.22 at 10 (emphasis added).  Petitioner's belated cry of innocence is belied by the record.

Furthermore, *Bousley v. United States*, 523 U.S. 614 (1998) informs the analysis of an actual innocence claim in the statute of limitations context in stating that "actual innocence

6

(5:12CR00034)

means factual innocence, not mere legal insufficiency." Id. at 623.  The Sixth Circuit further elaborated:

> One way to establish factual innocence is to show an "intervening change in the law that establishes [the petitioner's] actual innocence." [United States v.] Peterman, 249 F.3d [458 (6th Cir.2001) ] at 462.  This may be achieved by demonstrating (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

Wooten v. Cauley, 677 F.3d 303, 307 (6th Cir. 2012).  Because the *Alleyne* decision was not a new interpretation of statutory law and because its pronouncement was not retroactive, Petitioner cannot rely upon it to establish factual innocence.  Given Petitioner's admission of guilt and acknowledgment that Gall and Ethridge were armed, the Court believes that his actual innocence claim is without merit. Unable to satisfy the requirements of *Wooten*, Petitioner's claims must therefore fail.[5]

---

[5] Despite his attempts to insert *Alleyne*, it is not applicable to the merits of Petitioner's claim.  Again, in *Alleyne*, the Supreme Court stated that any fact that increases the statutory mandatory minimum must be found by the jury beyond a reasonable doubt.  Id. at 2163-64.  Here, no specific fact increased Petitioner's sentence.  The statutes under which Petitioner was charged and sentenced provides no statutory minimum.   See also United States v. Wimberly, 529 F. App'x 525, 526 (6th Cir. June 26, 2013) (per curiam) ("[T]he holding of Alleyne is irrelevant to this case because [petitioner] entered a guilty plea and specifically admitted discharging a firearm during the credit-union robbery ..., the fact used to support his mandatory minimum sentence.").

7

(5:12CR00034)

## IV. Conclusion

For the reasons stated above, the Court primarily denies Petitioner's motion as time-barred. In the alternative, the motion is denied for the other reasons given. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| June 30, 2015 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |